IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, CORPUS CHRISTI, AND MCALLEN DIVISIONS

| | |
|---|---|
| IN RE: | § § § |
| CHAPTER 13 PLAN ADMINISTRATION IN THE BROWNSVILLE, CORPUS CHRISTI, AND MCALLEN DIVISIONS | § MISC CASE NO: _____ § § § |

ORDER COMMENCING MISCELLANEOUS PROCEEDING,
REQUIRING APPEARANCES,
AND SUSPENDING CERTAIN DISCHARGES

On December 16, 2015 in open Court, Chapter 13 Trustee Boudloche ("*Trustee*") informed the Court (J. Isgur Presiding) that she had been administering Chapter 13 Plans in a manner that is inconsistent with the standard Southern District of Texas Plans ("**Plan(s)**"). Because this erroneous administration may affect pending and closed bankruptcy cases in the Brownsville, Corpus Christi and McAllen Divisions, ("*Divisions*") the Court, acting *sua sponte* through Judges Isgur and Rodriguez[1], commences this Miscellaneous Proceeding.

Beginning in 2008, the Plan utilized in these Divisions has contained a provision for the adjustment of Plan payments to the Trustee. Under the Plan, increases in the monthly payments due to the holders of mortgages "automatically" increased the required monthly payment by a debtor to the Chapter 13 Trustee. Conversely, decreases in monthly payments due to the holders of mortgages "automatically" decreased the required monthly payment by a debtor to the Chapter 13 Trustee. No Plan modification was required to implement the "automatic" increases or decreases. These automatic adjustments are contained in paragraph 1 of the Plan, a paragraph entitled "Payments". The specific language is:

> **If the payments to be made by the chapter 13 trustee pursuant to paragraph 4 are adjusted in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b) (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise), the Debtor(s)' payments required by this paragraph 1 will be automatically increased or decreased by (i) the amount of the increase or decrease in the paragraph 4 payments; and (ii) the amount of the increase or decrease in the Posted Chapter 13 Trustee Fee that is caused by the change. The Posted Chapter**

---

[1] Chapter 13 cases in the Corpus Christi Division are assigned to Judge Isgur. Cases in McAllen and Brownsville are assigned either to Judge Isgur or to Judge Rodriguez. After the December 16, 2015 hearing, Judges Isgur and Rodriguez conferred and determined that this Order would be jointly issued to assure uniformity in case administration.

> **13 Trustee Fee is the percentage fee posted on the Court's web site from time to time. The chapter 13 trustee is authorized to submit an amended wage withholding order or to amend any automated bank draft procedure to satisfy the automatic increase or decrease.**
>
> **A notice of any adjustment in the payment amount must be filed by the chapter 13 trustee.**

Despite the command in the Plan, it appears that the Chapter 13 Trustee did not implement the automatic increases or decreases and did not file the notices of adjustment required by the Plan.

It appears that the Chapter 13 Trustee may have made distributions to creditors and debtors with an incorrect application of the Plan. The Plan requires that mortgage payment increases will automatically cause an increase in the Plan payment. The increased Plan payment should have been the amount of the mortgage payment increase, adjusted by an amount equal to the increase in the Posted Chapter 13 Trustee Fee that is caused by the change. Because this was not implemented by the Chapter 13 Trustee, it appears that the holders of unsecured claims may have received reduced distributions from the amount required under the confirmed Plans. Moreover, it appears that debtors may have received discharges without paying the automatic increases set forth in the confirmed Plan. Chapter 13 discharges should only be granted after all payments due under the plan have been made. *See* 11 U.S.C. § 1328(a) [providing that a discharge would only be granted after completion of all payments required under the Plan.]

Conversely, when mortgage payments decreased, the decrease should have inured to the debtor's benefit. Instead, in instances of mortgage payment decreases, excess distributions may have been made to the holders of general unsecured claims, rather than being refunded to the debtor.

There are instances in which the Chapter 13 Trustee sought dismissal of cases based on an absence of Plan feasibility. It is unclear whether the alleged absence of feasibility was based on a belief that the debtor could not afford the increased payment (a basis authorized under paragraph 5 of the Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments, which procedures are incorporated into the Plan) or because there would be inadequate payments to the Trustee provided in the Plan (a basis inconsistent with the automatic increases incorporated into the Plan).

If the issue were only an historic issue, the Court would not issue the emergency relief contained in this Order. However, the issue appears to apply in cases currently being administered by the Trustee. Future distributions to be made by the Chapter 13 Trustee in the next several months could be directed to unsecured creditors instead of to the debtor, or to the debtor instead of unsecured creditors.

The magnitude of the errors, and the appropriate remedy (if any) for the errors is unclear. In many instances, the issue may have been ameliorated through modified Plans. Nevertheless,

it is possible that the financial magnitude is significant and might conceivably be borne by the Chapter 13 Trustee. The Court recognizes the difficult position that this Order imposes on the Chapter 13 Trustee. Accordingly, the Chapter 13 Trustee should not hesitate to retain counsel, directly or through her errors and omissions insurance carrier.

Based on the foregoing, the Court orders:

1. Notice is given that the Chapter 13 Trustee's administration of Chapter 13 cases since March 1, 2008 will be reviewed by this Court to determine whether the Trustee may have negligently distributed funds to the incorrect parties, which may have resulted in the issuance of discharges in violation of the Bankruptcy Code, and may have resulted in the inappropriate dismissal of cases.

2. The Clerk is directed to implement appropriate procedures to suspend the issuance of chapter 13 discharges in cases in which ALL of the following are true:

    a. A notice of mortgage payment change has been filed; and

    b. The notice of mortgage payment change reflects an increase in the mortgage payment; and

    c. The notice of mortgage payment change was filed after the later of (i) the order confirming the Plan; and (ii) the last order approving a modification to the Plan.

3. The Court will conduct an Initial Status Conference on this matter on January 11, 2016 at 4:00 p.m. at the United States Bankruptcy Court, 10th Floor Courtroom, 1701 W. Business Highway 83, McAllen, Texas 78501.

4. The undersigned Judges request that Chief Bankruptcy Judge David Jones consider presiding at the Initial Status Conference.

5. At the Initial Status Conference, the Chapter 13 Trustee may appear personally or through counsel.

6. At the hearing, the United States Trustee, or her designated attorney, must appear.

7. Any party-in-interest may appear at the hearing.

8. The purpose of the Initial Status Conference will be to determine whether this Order should be modified, whether there should be a temporary suspension of certain types of distributions by the Chapter 13 Trustee, whether an attorney should be appointed to represent the interests of the debtors and general unsecured creditors, whether an accountant should be appointed to determine the amount of distributions made in a manner inconsistent with the confirmed Plans, what steps should be taken to assure the proper administration of cases, what steps should be taken to terminate the

suspension of the issuance of discharges, and any other matter pertaining to the proper resolution of the issues set forth in this Order.

9. The Clerk is ordered to disseminate a copy of this Order to all attorneys in the Court's CM/ECF electronic mail system.

Issued at McAllen, Texas on December 22, 2015.

_____  _____
　　　　　Marvin Isgur　　　　　　　　　　Eduardo V. Rodriguez
UNITED STATES BANKRUPTCY JUDGE　UNITED STATES BANKRUPTCY JUDGE