IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, CORPUS CHRISTI, AND MCALLEN DIVISIONS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHAPTER 13 PLAN ADMINISTRATION | § | MISC CASE NO. 15-00701 |
| IN THE BROWNSVILLE, CORPUS | § | |
| CHRISTI, AND MCALLEN DIVISIONS | § | |

**CINDY BOUDLOCHE'S, CHAPTER 13 TRUSTEE, MOTION FOR CONTINUANCE AND CLARIFICATION**

TO THE HONORABLE MARVIN ISGUR AND EDUARDO V. RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGES:

CINDY BOUDLOCHE, Chapter 13 Trustee, in the above entitled and numbered cause and presents this Motion for Continuance of the Initial Status Conference scheduled for January 11, 2016, at 4:00 p.m. and Motion for Clarification and as grounds therefor would show as follows:

**FACTUAL BACKGROUND**

1.   On December 22, 2015, this Court *sua sponte* through Judge Marvin Isgur and Judge Eduardo V. Rodriguez commenced this miscellaneous proceeding based upon the contention Chapter 13 Trustee, Cindy Boudloche, admitted in open Court that she "had been administering Chapter 13 Plans in a manner that is inconsistent with the standard Southern District of Texas Plans." (*See Order Commencing Miscellaneous, Proceeding dated December 22, 2015)* [Doc. 2]. As an initial matter, Trustee makes no such admission. Rather, Trustee contends her statements regarding her method of administering of Chapter 13 Plans were in accordance with the standard Plans in the Southern District and based upon the approval and direction of Judge Richard Schmidt, as well as his interpretation of the Plan. *(See affidavit of Chapter 13 Trustee Cindy Boudloche attached hereto as "Exhibit A" and Affidavit of Judge Richard Schmidt attached hereto as "Exhibit B").*

2. The Court further determined Trustee's actions may have resulted in reduced payments to unsecured creditors and excess distributions that were not properly refunded to debtors. The Court now seeks to examine all such cases spanning the last seven (7) years.

3. Based upon the above findings, the Court scheduled an Initial Status Conference to take place January 11, 2016, at 4:00 p.m. to address the following: (1) determine whether the Order should be modified; (2) whether there should be a temporary suspension of certain types of distributions by the Chapter 13 Trustee; (3) whether an attorney should be appointed to represent the interests of the debtors and unsecured creditors; (4) whether an accountant should be appointed to determine the amount of distributions made in a manner inconsistent with the confirmed Plans; (5) what steps should be taken to assure the proper administration of cases; (6) what steps should be taken to terminate the suspension of the issuance of discharges; and (7) any other matter pertaining to the proper resolution of the issues set forth in the Order. The Court's Order presumes Trustee's administration of Chapter 13 Plans was improper and implicitly finds Judge Schmidt's interpretation of the Rules and Plan was similarly improper. While the Court's Order acknowledges "the financial magnitude is significant and might conceivably be born by Chapter 13 Trustee," the Court did not afford Trustee an opportunity to brief the issue, present evidence, a defense, or secure legal counsel. Trustee submits that before the Court takes the extraordinary measures outlined in its Order, the Court should afford Trustee an opportunity to brief the issue, present evidence, and lodge a proper defense. As it stands, the Court sits as prosecutor, judge, and jury.

4. Trustee wholeheartedly agrees with the Court's Order requesting Chief Bankruptcy Judge David Jones preside over the Initial Status Conference. The Court presumably recognizes the need for a disinterested member of the judiciary to examine these complex and far reaching issues. However, based upon a review of his calendar, Judge Jones currently has several matters set for January 11th in Houston, the last one occurring at 3:30 p.m.. *(See a true and correct copy of The Honorable David R. Jones Hearing Calendar attached hereto as "Exhibit C").* Therefore, it

MOTION FOR CONTINUANCE AND CLARIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 2

appears Judge Jones will not be available to preside over this matter. Given the gravity and complexity of the issues to be addressed, the parties involved, the Court's interjection of itself into the controversy, and potential conflict of interests, Trustee believes it imperative Judge Jones preside. This is particularly so given: (1) Judges Isgur and Rodriguez commenced this proceeding against Trustee; (2) they appear to have made a determination of Trustee's liability without providing Trustee an opportunity to present evidence, a defense, or brief the issue; and (3) Trustee submits she administered Chapter 13 Plans in accordance with Judge Richard Schmidt's direction and interpretation of the Plan; an interpretation that apparently conflicts with the Judges' interpretation. *(Exhibit A and Exhibit B).*

5.  Moreover, Judge Jones is a disinterested member of the judiciary. Judge Jones was not on the bench at the time the Plan passed. Unlike Judge Isgur, Judge Jones did not write the Plan. This miscellaneous proceeding will likely turn on the interpretation of the Plan. Judge Isgur, as an author of the Plan, may be a witness regarding the Plan's intent and interpretation.

6.  Further, upon information and belief, Judge Jones did not serve as a consumer debtor's counsel unlike Judge Rodriguez. Judge Rodriguez served as counsel for many debtors whose cases may come under examination by the Court. Moreover, upon information and belief, for years Judge Rodriguez received compensation for reviewing mortgage payment modifications. These mortgage payment changes are the subject of this miscellaneous proceeding commenced by Judge Rodriguez. Like Judge Isgur, Judge Rodriguez may be a witness in this proceeding.

7.  Trustee does not believe that either Judge has engaged in any wrongdoing, but given these extraordinary circumstances, Trustee agrees Chief Judge Jones should preside over this matter and requests the Initial Status Conference be continued to a time convenient to Judge Jones' schedule. Trustee agrees to appear in Houston before Judge Jones.

<u>MOTION FOR CONTINUANCE AND CLARIFICATION</u>................................. PAGE 3

8.      Additionally, the Court indicated its intent to take up several issues at the Initial Status Conference, including the possible appointment of an attorney to represent the interest of debtors and unsecured creditors and the appointment of an accountant to determine "the amount of distributions made in a manner inconsistent with the confirmed Plans." [Doc. 2]. Addressing these matters at this time is premature. Myriad legal issues must be resolved, including but not limited to, whether Trustee, in fact, made distributions in a manner inconsistent with any confirmed Plans. Moreover, the costs involved to take these extraordinary measures must be considered as well as the breadth of the Court's Order.  Presently, the Order calls for the examination of all cases where a notice of mortgage payment change was filed since 2008, including those cases where the debtor made payments directly, and outside the Plan. The Order also calls for scrutiny of cases where final, non-appealable orders were issued.

9.      Finally, Trustee files her Motion for Clarification of the Court's December 22, 2015 Order.  While the Court states an Initial Status Conference will take place January 11, 2016, elsewhere the Order states a hearing is to occur.  Trustee is uncertain whether this is an evidentiary hearing, whether the Court will hear oral arguments only, or whether the Court will hear testimony. In the event the status conference is also an evidentiary hearing, Trustee requires additional time to subpoena witnesses, including debtor counsel[1] and judges[2] who have administered plans in a similar fashion as Trustee and Judge Schmidt.  In the event witnesses are unavailable to appear in person, Trustee requests permission for said witnesses to appear by phone or video conference.

---

[1] Ralph Perez, Pat Fossett, and Abelardo Limon

[2] Judge Karen Brown

MOTION FOR CONTINUANCE AND CLARIFICATION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 4

10. Based upon the foregoing, Trustee moves for a continuance of the Initial Status Conference scheduled for January 11, 2016, that Judge Jones preside over the proceeding in Houston, if necessary, and request clarification regarding the nature of the proceeding.

Respectfully submitted,

**COKINOS, BOSIEN & YOUNG**

By: /s/ Misty A. Segura
STEPHANIE O'ROURKE
State Bar No. 15310800
10999 West IH-10, Suite 800
San Antonio, Texas 78230
(210) 293-8700 (Office)
(210) 293-8733 (Fax)
sorourke@cbylaw.com

MISTY A. SEGURA
Bar No. 24033174
Fed. No. 30751
msegura@cbylaw.com
TRACY B. GLENN
Bar No. 24000063
tglenn@cbylaw.com
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500
Fax: (713) 535-5533

CO-COUNSEL FOR CHAPTER 13
TRUSTEE CINDY BOUDLOCHE

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 5, 2016, a true and correct copy of the foregoing was served by ECF on all parties requesting notice.

                      */s/ Misty A. Segura*
                      MISTY A. SEGURA