IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, CORPUS CHRISTI, AND MCALLEN DIVISIONS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHAPTER 13 PLAN ADMINISTRATION | § | MISC CASE NO. 15-00701 |
| IN THE BROWNSVILLE, CORPUS § | | |
| CHRISTI, AND MCALLEN DIVISIONS | § | |

### Affidavit of Judge Richard Schmidt

State of Texas             §

County of Nueces       §

    Before me, the undersigned authority, personally appeared Judge Richard Schmidt, who, being by me duly sworn, deposed as follows:

    "My name is Judge Richard Schmidt. I am over twenty-one years of age, am of sound mind, have never been convicted of a felony, and am fully capable and competent to testify to and have personal knowledge of the matters stated in this Affidavit. Every statement of fact contained in this Affidavit is true and correct.

    "I am a former United States Bankruptcy Judge for the Southern District of Texas in Corpus Christi. I retired from the bench July 30, 2015. Since launching the trial conduit mortgage program (wherein mortgage payments were made to the Trustee as opposed to directly by the debtor outside of the Plan) in 2002-2003 in the Corpus Christi, McAllen and Brownsville Divisions, the program developed by Trustee Cindy Boudloche, the US Trustee's Office and me has been operated, notwithstanding Paragraph 1 of the Model Plan, with the policy that increases in Mortgage Payments did not require a change in the amount of the Debtor's Monthly Payment to the Trustee unless there were insufficient funds in the plan to pay the increased payment. All debtors lawyers knew of this policy, as did creditors lawyers. No debtor or creditor ever objected to this method of administering the Plan. We established this policy in order to provide consistency between the Model Plan, the Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments and Chapter 13 law. To require an increase in the total monthly payment to the Trustee whenever the mortgage payment increased would result in a Debtor committing more than his disposable income to the Plan, thus making the plan arguably unfeasible. To lower the payment would result in the Debtor committing less than his disposable income to the plan and thus arguably illegal. This policy has been briefed to lawyers in the district, the State, and in parts of the nation at many seminars and was clearly set out in the Trustee's Report to then Chief Judge Brown on the Payment of Ongoing Mortgages in 2005.

AFFIDAVIT OF JUDGE RICHARD SCHMIDT
PAGE 1 OF 2

# EXHIBIT B

During my years on the bench, I routinely directed and approved of Trustee's, Cindy Boudloche, administration of Chapter 13 Plans, which was consistent with the trial conduit program outlined above. Until my retirement, I required debtors file a modification in the event of an increase in mortgage payment if the payment caused the plan to be deficient. If not, the Trustee would increase the amount of the mortgage payment to reflect the new increased mortgage payment. The debtor's overall payment to the Plan did not increase. This was the standard practice for many courts, including mine. Chapter 13 Plan Trustee Cindy Boudloche's administering of the Plan was in accordance with my interpretation of the Rules, the Plan, my direction, and with my approval.

Finally it should be noted that while the Administrative Procedures for Administering Chapter 13 Plans requires the Trustee in paragraph 4.B. to commence payments at the changed amount with the next payment due 21 days after the filing of notice of the change, neither the Administrative Procedures nor the Plan require the trustee to either file a change in the amount of the Debtor's total monthly payment or a new wage order. The final sentence of paragraph 1 of the Plan does authorize the Trustee to file a new wage order, but it is permissive and not mandatory. If Judges Isgur and Rodriguez truly believed that a change in the total monthly payment was mandated by the Plan, then perhaps the debtor and the debtor's attorney were obligated to implement the change as fiduciaries for the estate. Further unsecured debtors may have violated their duty to their clients, since they did not insist on the larger payout to their client. Moreover, even secured creditors may have objected to such a plan, since the resulting plan would be far less likely to be completed since the debtor was being obligated to pay more than his disposable income.

Further, Affiant sayeth not.

_____
Judge Richard Schmidt.

SUBSCRIBED AND SWORN TO BEFORE ME by the said Judge Richard Schmidt, on this the 5th day of January 2016, to certify which witness my hand and seal of office.

_____
Vicki M'Elroy
NOTARY PUBLIC, STATE OF TEXAS

VICKI MCELROY
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-01-2016