

ENTERED
05/06/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, CORPUS CHRISTI AND MCALLEN DIVISIONS

| | |
|---|---|
| IN RE: § | |
| § | |
| CHAPTER 13 PLAN ADMINISTRATION § | MISC CASE NO: 15-701 |
| IN THE BROWNSVILLE, CORPUS § | |
| CHRISTI AND MCALLEN DIVISIONS. § | |

## AMENDED ORDER
(Docket No. 1)

> It is as much the duty of government to render prompt justice against itself, in favor of citizens, as it is to administer the same between private individuals. ABRAHAM LINCOLN, *Message to Congress in special session, July 4, 1861*.

On December 22, 2015, Judges Marvin Isgur and Eduardo Rodriguez issued their "Order Commencing Miscellaneous Proceeding, Requiring Appearances and Suspending Certain Discharges" (the "Chapter 13 Order") resulting in the creation of this miscellaneous proceeding [Docket No. 1]. The genesis of the Chapter 13 Order was a finding by Judge Isgur that Cindy Boudloche, chapter 13 trustee, had informed the Court "that she had been administering Chapter 13 Plans in a manner that is inconsistent with the standard Southern District of Texas Plans." [Docket No. 1]. In the Chapter 13 Order, the Court (i) suspended the entry of chapter 13 discharges in certain cases involving mortgage payment change notices; (ii) initiated an investigation into the administration of chapter 13 cases by Ms. Boudloche; and (iii) set a status conference for January 11, 2016 in McAllen, Texas [Docket No. 1].

Paragraph 4 of the Chapter 13 Order requested that the undersigned judge preside over the initial status conference in his capacity as chief bankruptcy judge. After reviewing the various pleadings and after conferring with Judges Isgur and Rodriguez, the undersigned judge has presided over the entirety of this proceeding.

On January 5, 2016, Ms. Boudloche filed a motion for continuance and clarification [Docket No. 5]. In the motion, Ms. Boudloche denied that she admitted that she had been administering chapter 13 plans in a manner that is inconsistent with the standard chapter 13 plan for the Southern District of Texas.[1] In support of the request, Ms. Boudloche attached her sworn affidavit, which reads, in part, as follows:

---

[1] The Court has listened to the hearing conducted before Judge Isgur on December 16, 2015 in Case No. 13-20431, *In re Melvin and Vanessa Joshlin*, during which the following exchange occurred between Judge Isgur and Ms. Boudloche concerning the chapter 13 trustee's motion to dismiss the debtors' bankruptcy case due to a mortgage payment change notice issued by the debtors' mortgage company:

> I am the Chapter 13 Plan Trustee in the above referenced matter. On or about December 16, 2015, I appeared before Judge Isgur seeking dismissal of a Chapter 13 case in which a mortgage change notice had been filed. During the course of the hearing, Judge Isgur determined I had not been administering Chapter 13 Plans according to Paragraph 1, entitled "Payments" of the standard Southern District of Texas Plan.
>
> For years, at least as early as 2004, I have administered Chapter 13 Plans in accordance with Judge Richard Schmidt's interpretation of the Plan and his direction and approval. Until his retirement on July 30, 2015, Judge Schmidt required debtors file a motion to modify in the event an increase in mortgage payment caused the plan to not timely pay out. If the debtor failed to file a motion to modify, the Trustee would file a motion to dismiss. If there was no objection filed by the debtor, the Trustee would increase the amount of the mortgage payment to reflect the new increased mortgage payment; however, the debtor's overall payment to the Plan did not increase unless the court signed an order modifying the plan. This was the standard practice for many courts, including Judge Schmidt's Court until his retirement.

[Docket No. 5-1].

Ms. Boudloche also attached the affidavit of retired Judge Richard Schmidt[2] [Docket No. 5-2]. The affidavit states, in part, as follows:

> Since launching the trial conduit mortgage program [] in 2002-2003 in the Corpus Christi, McAllen and Brownsville Divisions, the program developed by Trustee Cindy Boudloche, the US Trustee's Office and me has been operated,

---

<u>Judge Isgur</u>: I don't understand this. If there's a mortgage payment change, the payment to the trustee under the plan automatically increases. I don't understand how a mortgage payment change can render a plan deficient.

<u>Ms. Boudloche</u>: Your Honor, [] perhaps we're not addressing that right, but we have not been making, unless it is a *de minimis* amount. If it changes by a large amount, we have been requiring the debtors to address it.

<u>Judge Isgur</u>: I don't think that's what the plan says.

The Court finds Ms. Boudloche's denial to be, at best, an error in judgment.

[2]   The Court previously commented on the general inappropriateness of this affidavit. A former bankruptcy judge may not give testimony regarding knowledge gained in the performance of the former judge's official duties or by virtue of the former judge's official status without the prior permission of the chief bankruptcy judge. *Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings,* regulations adopted by the Judicial Conference in 2003 available at www.uscourts.gov/courts/regulations.htm. No permission was sought from the undersigned nor was permission given.

> notwithstanding Paragraph 1 of the Model Plan, with the policy that increases in Mortgage Payments did not require a change in the amount of the Debtor's Monthly Payment to the Trustee unless there were insufficient funds in the plan to pay the increased payment.
>
> []
>
> During my years on the bench, I routinely directed and approved of Trustee's Cindy Boudloche, administration of Chapter 13 Plans, which was consistent with the trial conduit program outlined above. . . . Chapter 13 Plan Trustee Cindy Boudloche's administering of the Plan was in accordance with my interpretation of the Rules, the Plan, my direction, and with my approval.

[Docket No. 5-2]. Retired Judge Schmidt goes on to opine as follows:

> If Judges Isgur and Rodriguez truly believe that a change in the total monthly payment was mandated by the plan, then perhaps the debtor and the debtor's attorney were obligated to implement the change as fiduciaries for the estate and to protect the debtor's discharge. Further lawyers for unsecured creditors may have violated their duty to their clients because they did not insist on the larger payout to their client.

[Docket No. 5-2].

By written order entered January 6, 2016, the Court declined to continue the January 11, 2016 hearing but clarified the topics that would be addressed at the hearing [Docket No. 7]. Most important, the Court asked the parties to focus on how to restore normal operation of the chapter 13 process in the Brownsville, Corpus Christi and McAllen divisions [Docket No. 7].

On January 11, 2016, the Court conducted a hearing in the McAllen Division. Ms. Boudloche attended with counsel. In addition, the U.S. Trustee personally attended the hearing. The Court heard from the U.S. Trustee and Ms. Boudloche. The Court also invited counsel and other interested persons attending the hearing to address the Court. At the conclusion of the hearing, the Court requested that Ms. Boudloche prepare a report identifying all open cases that were potentially affected. The Court continued the hearing to February 3, 2016 in the Corpus Christi Division. The continued hearing was subsequently rescheduled to February 11, 2016 [Docket No. 12].

On February 11, 2016, the Court reconvened the hearing in the Corpus Christi Division. Ms. Boudloche presented the Court with the following information[3] regarding pending affected chapter 13 cases:

---

[3] The categories were selected by Ms. Boudloche. The Court does not adopt these categories but has repeated Ms. Boudloche's nomenclature for ease of reference.

| Class | Class Description | No. of Cases | Notes |
|---|---|---|---|
| 1 | Mortgage claim paid prior to receipt of MPCN[4]. | 1 | |
| 2 | MPCN withdrawn | 1 | |
| 3 | No proof of claim filed by mortgage company or proof of claim disallowed | 4 | |
| 4 | Objection to mortgage claim pending | 11 | |
| 5 | MPCN handled in accordance with the plan | 5 | |
| 6 | MPCN did not pertain to principle residence | 14 | |
| 7 | Case dismissed after Court's request for information | 18 | |
| 8 | MPCN received and case requires 100% payment to unsecured creditors | 43 | |
| 9 | MPCN received and mortgage claim is being paid direct or pro-rata or residence was surrendered | 248 | |
| 10 | MPCN received in January, 2016 with net decrease in mortgage payments | 3 | |
| 11 | MPCN received in January, 2016 with net increase in mortgage payments and less than 4 months remaining in plan term | 2 | |
| 12 | MPCN received in January, 2016 with net increase in mortgage payments and more than 3 months remaining in plan term | 14 | Aggregate underpayments - $19,429.66 |
| 13 | MPCN received with net decrease in mortgage payments; less than 4 months remaining in plan term; and sufficient cash on hand to refund overpayments | 17 | Aggregate overpayments - $49,958.00 |
| 14 | MPCNs received with net decrease in mortgage payments; less than 4 months remaining in plan term; and insufficient cash on hand to refund overpayments | 16 | Aggregate overpayments - $27,389.81 |
| 15 | MPCNs received with net decrease in mortgage payments and more than 3 months remaining in plan term | 140 | Aggregate overpayments - $335,533.41 |
| 16 | MPCNs received with net increase in mortgage payments; less than 4 months remaining in plan term. | 56 | Aggregate underpayments - $105,133.16 |
| 17 | MPCNs received with net increase in mortgage payments and more than 3 months remaining in plan term | 297 | Aggregate underpayments - $696,280.65 |

After completion of Ms. Boudloche's presentation, the Court again solicited comments from interested persons attending the hearing. A number of chapter 13 practitioners and one chapter 7

---

[4]   The Court understands this acronym to mean "Mortgage Payment Change Notice."

trustee provided comments to the Court.  The Court very much appreciates their insight and comments.  At the conclusion of the hearing, Ms. Boudloche offered her proposed solution to the problem.  For debtors that had overpaid, the chapter 13 trustee proposed to refund the overpayment to the extent of available funds.  If the overpayment exceeded the available balance in the case, Ms. Boudloche proposed to try and recover the overpayments from creditors.  For debtors that had underpaid, Ms. Boudloche proposed a combination of (i) changing plan payments to the extent feasible; (ii) extending plan periods past the 60-month limit; and (iii) granting hardship discharges in cases where the underpayments could not be made.  In response to questions from the Court, Ms. Boudloche resisted providing a notice to all affected parties of their potential rights that would necessarily include disclosure of a potential claim against the chapter 13 trustee.  After indicating its dissatisfaction with the proposal, the Court asked Ms. Boudloche if she would like to submit an alternative proposal.  Ms. Boudloche declined the Court's invitation.  Consequently, the Court is left to fashion its own remedy.

<strong><u>Analysis</u></strong>

**<u>Administration of Chapter 13 Cases</u>**

Responsibility for the administration of the chapter 13 process is vested primarily in three independent parties:  the Court, the United States Trustee and the chapter 13 standing trustee.  At the core of process is the role of the Court.  Canon 1 of the Code of Conduct for United States Judges provides that a judge must "uphold the integrity and independence of the judiciary."  CODE OF CONDUCT OF UNITED STATES JUDGES, Canon 1, (Judicial Conference, 1973).  The most fundamental tenet of this canon is the responsibility that judges have to follow the law. CODE OF CONDUCT OF UNITED STATES JUDGES, Commentary to Canon 1, (Judicial Conference, 1973); see also MODEL CODE OF JUDICIAL CONDUCT RULE 1.1 (AM. BAR ASS'N 2007) ("A judge shall comply with the law . . . .").  "Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary.  Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law." *Id.*  Local rules have the force of law so long as they do not conflict with a rule prescribed by the Supreme Court, Congress or the Constitution.  *Kinsley v. Lakeview Regional Med. Ctr., LLC*, 570 F.3d 586, 589 (5th Cir. 2009).

The United States Trustee "act[s] to ensure that the bankruptcy system is administered in such a manner that it provides an effective framework for debtors and creditors to resolve their financial difficulties.  Section 586 of Title 28 sets forth the statutory duties of each United States Trustee."  UNITED STATES TRUSTEE PROGRAM POLICY AND PRACTICES MANUAL, § 1-4.3.  Under appropriate circumstances, the United States Trustee has the authority to appoint a standing trustee to administer chapter 13 cases.  28 U.S.C. § 586(b).  If a standing chapter 13 trustee is appointed, the United States Trustee for the region "shall supervise any such individual appointed as standing trustee in the performance of the duties of standing trustee."  28 U.S.C. § 586(b).  Such supervision includes ensuring that the "standing trustee exhibits adequate knowledge of and compliance with the law."  UNITED STATES TRUSTEE PROGRAM POLICY AND PRACTICES MANUAL, § 4-3.4.4.  "The United States Trustee's supervision of a standing trustee carries with it the responsibility to take appropriate action when problems arise."  UNITED

STATES TRUSTEE PROGRAM POLICY AND PRACTICES MANUAL, § 4-5.1.  Likewise, the United States Trustee is required to monitor plans filed under chapter 13.  28 U.S.C. § 586(a)(3)(C).

The chapter 13 standing trustee is the implementation arm of the chapter 13 process.  In the Southern District of Texas, there are currently three appointed chapter 13 standing trustees.  Each trustee oversees several thousand cases and disburses tens of millions of dollars on an annual basis.  The trust placed in these three individuals is enormous.  The Bankruptcy Code imposes a number of specific duties on chapter 13 trustees, including the requirements that a trustee "be accountable for all property received" (11 U.S.C. § 1302(b)(1)) and "assist the debtor in performance under the plan" (11 U.S.C. § 1302(b)(4)).  In addition, a chapter 13 trustee is required to disburse all payments received from the debtor in accordance with the terms of the debtor's confirmed plan.  11 U.S.C. § 1326(a)(2).  Moreover, as a fiduciary and an officer of the Court, a chapter 13 trustee has the duties of candor, care, loyalty, and impartiality.  In plain English, a chapter 13 trustee is required to be versed in the applicable law and to administer plans in accordance with their terms in an impartial and transparent manner.

**<u>The Plan</u>**

Effective May 18, 2006, the Bankruptcy Court for the Southern District of Texas implemented the following changes to the District's Uniform Plan and Motion for Valuation of Collateral (the "Uniform Plan"):

> **1. Payments.**  The debtors hereby submit all or such portion of their future earnings or other future income to the supervision and control of the chapter 13 Trustee ("Trustee") as is necessary for the execution of the plan. The submission of income shall be accomplished by making monthly payments to the Trustee in amounts equal to all of the projected disposable income of the debtor, as defined in § 1325(b).  Schedules I and J of the debtor's schedules contain the debtor's good faith estimate of the current amount of available projected disposable income for purposes of this requirement.  Significant changes in the debtor's financial condition during the first three years of the plan may provide cause for the Trustee or any unsecured creditor to seek a modification of the plan pursuant to § 1329.  The amount, frequency, and duration of the payments, are as follows:

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  | Grand Total: |  |

> The first monthly payment is due not later than 30 days after the date this case was filed.  ***If the payments to be made by the chapter 13 trustee pursuant to***

> *paragraph 4 are adjusted in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b) (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise), the debtors' payments required by this paragraph 1 will be automatically increased or decreased by the amount of the increase or decrease in the paragraph 4 payments, adjusted as set forth in the following sentence. The increase or decrease shall be adjusted by an amount equal to the increase or decrease in Posted Chapter 13 Trustee Fee that is caused by the change. The Posted Chapter 13 Trustee Fee is the percentage fee posted on the Court's web site from time to time. The chapter 13 trustee is authorized to submit an amended wage withholding order or to amend any automated bank draft procedure to satisfy the automatic increase or decrease.*
>
> *A notice of any adjustment in the payment amount must be filed by the chapter 13 trustee.*
>
> *Except as otherwise ordered by the Court, payments to the chapter 13 trustee will be made pursuant to a wage withholding order, an EFT Order or an ACH Order. Local Rule 1007(d) determines the payment form that is required from time-to-time.*

Minutes of Bankruptcy Judges' Meeting, May 16, 2006, Uniform Plan, version effective May 18, 2006 [emphasis added]. Although the Uniform Plan has since undergone several modifications, the language regarding the automatic increase or decrease in payment due to a change in the debtor's home mortgage payment and the requirement that the chapter 13 trustee provide notice of the payment change remains intact.[5] The effect of this change was to shift responsibility for any change in the debtor's ongoing mortgage payment from the unsecured creditors to the debtor. The applicable language is not subject to multiple interpretations.

**Implementation**

Based on the affidavits submitted by Ms. Boudloche and her statements to the Court during this proceeding, the Court finds that chapter 13 debtors in the Brownsville, Corpus Christi and McAllen divisions of the Southern District of Texas were intentionally treated in a manner contrary to the Uniform Plan and to other debtors in the Houston, Galveston, Victoria and

---

[5] The current version of the Uniform Plan provides that, "[i]f the payments to be made by the chapter 13 trustee pursuant to paragraph 4 are adjusted in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b) (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise), the Debtor(s)' payments required by this paragraph 1 will be automatically increased or decreased by (i) the amount of the increase or decrease in the paragraph 4 payments; and (ii) the amount of the increase or decrease in the Posted Chapter 13 Trustee Fee that is caused by the change. The Posted Chapter 13 Trustee Fee is the percentage fee posted on the Court's web site from time to time. The chapter 13 trustee is authorized to submit an amended wage withholding order or to amend any automated bank draft procedure to satisfy the automatic increase or decrease. A notice of any adjustment in the payment amount must be filed by the chapter 13 trustee." Uniform Plan, version effective January 1, 2015.

Laredo divisions of the Southern District of Texas. This disparate treatment was apparently the result of communications between the Court and Ms. Boudloche and the implementation of an unwritten rule or agreement to disregard the Uniform Plan. The Court finds that Ms. Boudloche violated her duties as a chapter 13 trustee. The Court further finds that the United States Trustee violated its duties of oversight and supervision of Ms. Boudloche. Most embarrassing, the Court violated its duty to uphold the integrity and independence of the judiciary.

While the Court cannot undo the past, it can work to repair the harm and to prevent a recurrence of similar conduct. The Court has previously requested the assistance of the chapter 13 trustee and the United States Trustee in addressing this situation. For reasons unknown to the Court, no meaningful assistance was forthcoming. Accordingly, the following procedures will be implemented immediately.

### Remedy

The chapter 13 trustee is ordered to immediately take the following actions in all open cases in which she failed to file a "mortgage payment change notice" as required by a confirmed plan and no subsequent plan modification was approved by the Court.

**Cases in Which the Debtor has Overpaid**

In affected cases in which the chapter 13 trustee's failure resulted in the debtor making payments in excess of the amount required, the chapter 13 trustee shall (i) immediately adjust the plan payment in accordance with the terms of the plan; and (ii) within fourteen days refund the overpayment to the debtor. If there are not sufficient funds on hand in the case to make the refund, the chapter 13 trustee shall issue the refund to the extent of available funds. The chapter 13 trustee shall thereafter have 60 days[6] from the issue date of this order to recover any overpayments made to creditors necessary to issue the full refund due to the debtor. If sufficient funds have not been recovered within the 60-day period, the chapter 13 trustee shall satisfy the unpaid deficiency.

**Cases in Which the Debtor has Underpaid**

In affected cases in which the chapter 13 trustee's failure resulted in the debtor making payments that are less than the amount required, the chapter 13 trustee shall immediately file a "mortgage payment change notice" implementing the increase on a prospective basis. Notwithstanding the foregoing, the notice shall not be filed in cases having three months or less remaining in the plan term. For purposes of clarity, the amount of the increase shall not include any amounts that would have previously been due had the chapter 13 trustee timely complied with the Uniform Plan. If the debtor objects to the proposed increase, the debtor must file a written pleading in the main bankruptcy case specifically setting forth the reasons why the increase should not be implemented within 21 days of the date of the chapter 13 trustee's notice or any such objection is forever waived. If a debtor wishes to assert an affirmative claim against

---

[6] The Court has selected 60 days as the appropriate time period based on Ms. Boudloche's comments to the Court during these hearings that obtaining refunds from creditors would not be difficult.

the chapter 13 trustee related to her failure to comply with a confirmed plan, any such claim must be filed in writing in this miscellaneous proceeding within 45 days of the date of this order or any such claim is forever waived.

Once the debtor has made the requisite number of payments required under a confirmed plan, the chapter 13 trustee shall issue the following notice in the debtor's bankruptcy case in lieu of the standard notice of plan completion:

### CHAPTER 13 TRUSTEE'S NOTICE OF PLAN COMPLETION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

THE CHAPTER 13 TRUSTEE ("Trustee"), represents that each of the debtor(s) have attended a meeting of creditors, submitted to an examination under oath and have made the requisite number of payments to the Chapter 13 Trustee as required by the Order Confirming the Chapter 13 Plan.

**In this case, the chapter 13 trustee failed to administer the debtor(s)' plan in accordance with its terms. This failure may have resulted in a distribution to unsecured creditors that is less than what would have been received had the chapter 13 trustee properly administered the plan in accordance with its terms. If you object to the granting of a discharge or wish to assert a claim against the chapter 13 trustee, you must file a written pleading in this bankruptcy case specifically setting forth your objection or claim within 21 days of the date of this notice or any such objection or claim is forever waived.**

The Trustee's Final Report and Account will be submitted when all payments to creditors on behalf of the debtor(s) have cleared the account and accounting is completed. The Trustee requests the case remain open pending the filing of the Trustee's Final Report and Account.

The chapter 13 trustee shall serve the foregoing notice by first class mail on all creditors and other parties-in-interest in the case and file a certificate of service in the debtor's bankruptcy case within 24 hours of the mailing of the notice. If no timely objection is filed, the debtor shall receive a discharge. If an objection or an affirmative claim is filed, a further hearing will be scheduled.

**Review by the United States Trustee**

The United States Trustee for the Southern District of Texas is directed to conduct a full review of Ms. Boudloche's practices and competency[7] in her capacity as a chapter 13 trustee. Within 90 days of the date of this order, the United States Trustee shall file a detailed written report setting forth (i) the investigative procedures undertaken; (ii) the person or persons conducting the review; (iii) the specific findings of the United States Trustee; and (iv) the recommendations of the United States Trustee. The Court notes that it has listened to over 20 hours of proceedings involving Ms. Boudloche in her capacity as chapter 13 trustee. The Court encourages the United States Trustee to do the same. The Court will reserve further action pending receipt and review of the United States Trustee's report.

**Conclusion**

All citizens deserve equal treatment under the law regardless of race, creed, gender or geographic location. The bankruptcy process in the Southern District of Texas has failed chapter 13 debtors in the Brownsville, Corpus Christi and McAllen divisions. On behalf of the Bankruptcy Court, the undersigned offers its sincere apology to those debtors and their families that did not receive the justice they deserve. The Court hopes that practitioners in these divisions will share this Order with their clients and convey just how hard it is for the undersigned to publicly recognize the failure of a system that he took an oath to protect. There will be no more secret rules, unspoken practices or disparate treatment of citizens in different divisions. We are one Bankruptcy Court with a single set of written rules. All citizens within the Southern District of Texas will be treated equally and with respect.

**SIGNED: May 6, 2016.**

_____
**DAVID R. JONES**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

[7] For instance, based on data provided by the United States Trustee, the administrative costs to debtors in chapter 13 cases under Ms. Boudloche's administration are almost twice the costs incurred by debtors in the Laredo, Victoria, Galveston and Houston divisions. The Court is also aware that Ms. Boudloche previously would not set chapter 13 cases for a confirmation hearing unless she approved of the proposed plan. Such practices potentially infringe on the due process rights of affected chapter 13 debtors.