IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, CORPUS CHRISTI, AND MCALLEN DIVISIONS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHAPTER 13 PLAN ADMINISTRATION | § | MISC CASE NO. 15-00701 |
| IN THE BROWNSVILLE, CORPUS | § | |
| CHRISTI, AND MCALLEN DIVISIONS | § | |

**EMERGENCY REQUEST FOR CERTIFICATION FOR DIRECT APPEAL TO THE <u>FIFTH CIRCUIT COURT OF APPEALS</u>**
[Relates to Docket No. 36]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**EMERGENCY RELIEF IS REQUESTED BY MAY 26, 2016.**

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

CINDY BOUDLOCHE, CHAPTER 13 TRUSTEE ("Trustee"), pursuant to 28 U.S.C. § 158(d)(2), requests this Court certify for direct appeal to the Fifth Circuit Court of Appeals her appeal of the Amended Order entered on May 6, 2016 [Doc. No. 31]. In support of her request, Trustee submits the following:

**BASIS FOR EMERGENCY RELIEF**

1. On May 6, 2016, the Court entered an Amended Order [Doc. No. 31] (the "Order") requiring <u>immediate</u> implementation of a "Remedy" regarding all open cases in which Trustee administered plans according to now retired Judge Schmidt's rules. The "Remedy" includes making Trustee personally liable for any refunds due to debtors resulting from overpayments to creditors. The Order contains five significant deadlines ranging from "immediately," to 21 days, to 60 days, and to 90 days. All of the deadlines require direct action that materially and significantly affects Trustee in her individual capacity, the administration of Chapter 13 Plans, and/or the procedural posture, rights, and remedies of the debtors and unsecured creditors. At a minimum, the debtors will encounter legal fees and expenses to react and object to the changes to their Plan and related plan payments pursuant to an Order that is in dispute. Absent emergency relief and consideration of her appeal of the Order and an immediate stay, the rights and responsibilities of Ms. Boudloche and numerous debtors will be irreversibly affected. Further, Ms. Boudloche's appeal of the Order would be rendered moot without emergency relief and a stay pending the resolution of her appeal.

2. Emergency consideration and relief is requested based on the above, and because the Order directs Ms. Boudloche to take immediate action in her official capacity as chapter 13 trustee and also to cover debts in her personal capacity within 60 days. She will suffer substantial and irreparable injury if emergency consideration and relief is denied. The date relief is needed to avoid the consequences of the emergency is as soon as possible, but in any event no later than May 26, 2016.

**FACTUAL BACKGROUND**

3.      On May 6, 2016, the Court entered the Order which effectively found Trustee breached her duties as a chapter 13 trustee arising out of her "past administration of chapter 13 cases," without an evidentiary hearing and in contravention of her right to due process. The rulings contained in the Order are based on the conflict between retired Judge Richard Schmidt's interpretation of the Rules and the Court's interpretation of the Rules, as well as the District's Uniform Plan and Motion for Valuation of Collateral. Retired Judge Schmidt stated in his Affidavit that Ms. Boudloche's administration was in accordance with his "interpretation of the Rules," the Plan, his direction, and with his approval. *See* Doc. No. 31 at p. 3. The Order contains an express finding that Judge Schmidt's interpretation of the Rules and the Plan was in error and that the Uniform Plan is consistent with the Bankruptcy Code. The Order provides for the immediate implementation of a "Remedy" regarding all open cases in which Trustee administered plans according to Judge Schmidt's rules. The "Remedy" includes making Trustee personally liable for any refunds due to debtors resulting from overpayments to creditors.

4.      The Order also directs Trustee to "immediately file a mortgage payment change notice." The notice starts the time lines for debtor's counsel to object to the proposed increases by filing pleadings within 21 days of the date of the notice. The Order also provides that a debtor waives its right to bring an affirmative claim against Trustee if the claim is not filed within 45 days of the date of the Order. The Order further requires Trustee to file a Notice of Plan Completion allowing unsecured creditors an additional 21 days to bring a claim against Trustee from the date of the notice of Plan Completion.

5. Finally, the Order requires the U.S. Trustee to perform a review of Ms. Boudloche's practices and competencies. The Order requires the filing of a highly detailed report of the findings of the U.S. Trustee's investigation within 90 days of the issuance of the Order.

6. On May 18, 2016, Trustee timely filed a Notice of Appeal [Doc. 36] of the Order and has elected to appeal to the Court of Appeals for the Fifth Circuit.

## ARGUMENT AND AUTHORITIES

7. This request for certification is made by the Trustee pursuant to 28 U.S.C. § 158(d)(2)(B)(i) and (ii).

8. The Trustee believes that circumstances specified in 28 U.S.C. § 158(d)(2)(A)(i) and (iii) exist, thereby warranting a direct appeal to the Fifth Circuit Court of Appeals.

9. Certification for a direct appeal to the Court of Appeals is warranted pursuant to 28 U.S.C. § 158(d)(2)(A)(i) if "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance." This Court entered its Order in connection with a miscellaneous proceeding that directly affects the administration of at least several hundred Chapter 13 cases pending in the Corpus Christi, McAllen and Brownsville divisions, and the appeal of the Order is therefore a matter of public importance. "[A]n appeal may be certified as a matter of public importance either because it involves important legal issues or important practical ramifications." *Jaffé v. Samsung Elecs. Co. (In re QIMONDA AG)*, 470 B.R. 374, 386 (E.D. Va. 2012). Here, the issue on appeal affects the administration of numerous bankruptcy estates and the basic, fundamental right of a Chapter 13 Trustee to due process. The practical ramifications of the Order upon the Trustee and the administration of numerous bankruptcy estates are far reaching, and the right to due process is a fundamental right which

unquestionably involves an important legal issue. Further, there is no controlling decision in the Fifth Circuit regarding whether a bankruptcy court can assess personal liability against a Chapter 13 Trustee for administering Chapter 13 Plans under the direct instructions, supervision and approval of a previous bankruptcy court, especially when the finding of liability and related "remedies" were reached by the Court without holding an evidentiary hearing and affording the Chapter 13 Trustee due process to which she is entitled.

10. Alternatively, certification for a direct appeal to the Court of Appeals is warranted pursuant to 28 U.S.C. § 158(d)(2)(A)(iii) if "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." At the time the Notice of Appeal was filed, some of the affected debtors were already in month 60 of a 60 month plan and presumably will be seeking a discharge soon. Each month, more debtors affected by the Miscellaneous Proceeding reach the final month of their Plan and will face questions and uncertainty regarding their Plan as a result of the Order in dispute. An appeal to the District Court and then, if necessary, to the Fifth Circuit Court of Appeals could take over a year to complete. A direct appeal to the Fifth Circuit Court of Appeals should take considerably less time than the dual appeal process. The outcome of the appeal will determine whether the Court's Order violated Trustee's right to due process and, if a violation is found, whether any of the Order's "remedies" that will undoubtedly affect numerous Chapter 13 debtors should be carried out in light of this.

11. The Fifth Circuit has jurisdiction to hear this appeal under 28 U.S.C. § 158(d)(2)(A). In *Crosby v. Orthalliance New Image (In re OCA, Inc.),* 552 F.3d 413 (5th Cir. 2008), the Fifth Circuit held that:

> The text of the statute grants the courts of appeals "jurisdiction of appeals described in the *first sentence* of subsection (a)." *Id.* § 158(d)(2)(A) (emphasis added). The first sentence of section 158(a) grants district courts jurisdiction over bankruptcy appeals from interlocutory orders or decrees if granted leave by the district court. *Id.* § 158(a)(3). Since interlocutory orders are included in the first sentence of subsection (a) and all of the jurisdictional prerequisites of section 158(d)(2) are met, this court has jurisdiction to hear [the Debtor's] direct appeal from the bankruptcy court.

*Id.* at 418; *see also* 28 U.S.C. § 158(a)(3), (d)(2)(A); *see also Stansbury v. Holloway* (*In re Holloway*), 425 F. App'x 354, 357 (5th Cir. 2011) ("Pursuant to 28 U.S.C. § 158(d), we have jurisdiction over direct appeals from interlocutory orders of a bankruptcy court if the bankruptcy court makes the appropriate certification and this court grants leave to appeal.").

12. Pursuant to 28 11 U.S.C. §158(d)(2)(B), if the Bankruptcy Court, upon its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists, or if the Bankruptcy Court receives a request from the majority of the appellants and appellees (if any) to make the certification, then the Bankruptcy Court **shall** make the certification. *See* 28 U.S.C. 158(d)(2)(B). Based on the above, Trustee submits that both requirements are met and the Court should enter the requested certification.

13. A copy of the Amended Order dated May 6, 2016 (Doc. No. 31) is attached as Exhibit A.

WHEREFORE, PREMISES CONSIDERED, Trustee requests this Court to enter a Certification of Direct Appeal to the Fifth Circuit Court of Appeals, and to grant Trustee such other and further relief to which she may be entitled.

Respectfully submitted,

**COKINOS, BOSIEN & YOUNG**

By: */s/ Misty A. Segura*_____
    TRACY B. GLENN
    Bar No. 24000063
    tglenn@cbylaw.com
    MISTY A. SEGURA
    Bar No. 24033174
    Fed. No. 30751
    msegura@cbylaw.com
    Four Houston Center
    1221 Lamar Street, 16th Floor
    Houston, Texas 77010-3039
    (713) 535-5500
    Fax: (713) 535-5533

**COUNSEL FOR CHAPTER 13 TRUSTEE, CINDY BOUDLOCHE**

## **VERIFICATION**

The factual statements contained in paragraphs 1-2 are true and correct within my own personal knowledge. In my opinion, a genuine emergency exists that requires consideration of this matter to avoid denial of due process to me and creation of uncertainty as to various bankruptcy estates and debtors. I certify under penalty of perjury that the foregoing is true and correct.

    */s/ Cindy Boudloche*_____
    CINDY BOUDLOCHE, CHAPTER 13 TRUSTEE

## CERTIFICATE OF SERVICE

      I certify that on May 18, 2016, I served a true and correct copy of this instrument by service electronically through the Court's ECF system on all parties registered to receive such notice and also served the following counsel and parties of record by electronic mail:

***US TRUSTEE:***
Judy A. Robbins
United States Trustee, Region 7
515 Rusk Street, Suite 3516
Houston, Texas 77002
USTPRegion07.CC.ECF@usdoj.gov

***COUNSEL FOR US TRUSTEE:***
Stephen Statham
515 Rusk Street, Suite 3516
Houston, Texas 77002
stephen.statham@usdoj.gov

***COUNSEL FOR THE INTERNAL REVENUE SERVICE:***
Daniel David Hu
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Daniel.Hu@usdoj.gov


                                                    */s/ Misty A. Segura*
                                                    MISTY A. SEGURA